IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TOMMY WHITE, SR.                                                                                    PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 3:09CV661TSL-FKB

CHRISTOPHER EPPS, ET AL.                                                                    DEFENDANTS


REPORT AND RECOMMENDATION

This matter is before the court on the motion for summary judgment on the issue of exhaustion of administrative remedies[1], and for stay filed by defendants Christopher Epps and Margarett Bingham (collectively, State defendants), and joined by defendants Carrie Williams, Karl Hatten and Wexford Health Services (collectively, Wexford defendants). Plaintiff opposes the motion, and the court, having considered the parties' memoranda and submissions, recommends, for the reasons which follow, that the motion be granted and that plaintiff's complaint be dismissed for failure to exhaust.

Plaintiff, who is a prisoner in the custody of the Mississippi Department of Corrections and housed at the Central Mississippi Correctional Facility, filed this § 1983 action on October 28, 2009, pursuant to the mailbox rule.[2] Per the complaint, plaintiff generally claims that he has

---

[1] Although Epps denominated his motion as a motion to dismiss, he has presented evidence outside of the pleadings in support of the motion; and therefore, the motion is properly regarded as a motion for summary judgment pursuant to Rule 56(c). Plaintiff, in support of his response, likewise presented evidence for the court's consideration, and the undersigned finds that he has been afforded a reasonable opportunity to present pertinent materials in response to the motion. See Fed. R. Civ. P. 12(d).

[2] "In Houston v. Lack, [487 U.S. 266, 270-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)], the Supreme Court held that a pro se petitioner's notice of appeal is deemed 'filed' at the moment it is delivered to prison authorities for forwarding to the district court." Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006).

been denied medical care, and specifically claims that defendant Williams refused to dispense his medication as had been prescribed. As relief, he seeks "adequate medical care," as well as nominal, compensatory and punitive damages.

By their separate motions, defendants present, as an affirmative defense, plaintiff's failure to exhaust his administrative remedies prior to filing this action.[3] In opposition to the motions, plaintiff maintains that, when he did not receive a timely reply to his administrative grievance, he was deemed to have administratively exhausted and, therefore, could file suit. He also maintains that exhaustion should be excused because he has alleged that his life was in imminent danger on account of the defendants' failure to provide adequate medical care.

Based on the record in this case, the plaintiff failed to exhaust the administrative remedies available to him prior to filing this action.[4] Under the relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In Booth v. Churner, 121 S. Ct. 1819 (2001), the Supreme

---

[3] The Wexford defendants further urge, with no citation to authority, that because White has previously had three prior civil rights lawsuits dismissed, this action is subject to dismissal. While the PLRA does contain a provision that a prisoner, who has had three or more lawsuits dismissed as frivolous, will not be granted in forma pauperis status and thus, must pay the filing fee, there is no law to the effect that the dismissal of three previous civil rights actions bars a subsequent action by the plaintiff.

[4] Given that the affirmative defense of failure to exhaust may be waived, the State defendants' assertion that the court should not have allowed process to issue in this case is not well taken. Dillon v Rogers, 596 F.3d 260 (5th Cir. 2010) ("Since exhaustion is an affirmative defense, the burden is on [the defendants] to demonstrate that [the plaintiff] failed to exhaust his administrative remedies.") (citing Jones v Bock, 127 S. Ct. 910 (2007)).

Court held that 42 U.S.C. § 1997e now requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 121 S. Ct. at 1825. The United States Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S. Ct. 983 (2002); see also Jones v. Bock, 127 S. Ct. 910 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

As set forth above, White takes the position that, because he did not receive a timely response to his administrative grievance, he should be deemed to have administratively exhausted his claims. See Powe v. Ennis, 177 F.3d 393 (5th Cir. 1999) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired."). However, per the undersigned's review of the record in this case, it is clear that White did not exhaust prior to filing suit. The Administrative Remedy Program within the Mississippi Department of Corrections (MDOC) is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. Inmates receive a step one response from the appropriate official, which they may appeal to the Superintendent or Warden of the institution, who will issue a step two response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a step three response is issued. At this time, the program administrator will issue to the inmate a certificate stating that he has completed the exhaustion of his administrative remedies. No more than ninety days from initiation to completion of the

process shall elapse, unless an extension has been granted. Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg. 39-42.

Here, the record demonstrates that White filed his request for an administrative remedy on September 21, 2009. On September 23, 2009, the legal claims adjudicator wrote White, informing him that his "most recent Request for Administrative Remedy which concerns your medication issue has been accepted."[5] White, however, did not wait ninety days or until December 20, 2009, to file suit. Instead, he prematurely filed this action on October 29, 2009, while his request for an administrative remedy related to the staff's alleged failure to provide him with his medication remained pending and while the MDOC still had fifty-two days in which to complete the administrative remedy process. White cannot be deemed to have administratively exhausted his remedies.

Lastly, contrary to White's assertion otherwise, the fact that he has claimed that defendants' alleged failure to provide him his medication has placed him in imminent danger of physical harm does not excuse his failure to exhaust his administrative remedies. See McAlphin v. Toney, 375 F.3d 753 (8th Cir. 2004) (refusing to recognize "imminent danger" exception to PLRA's exhaustion requirement); Clayborne v. Epps, 2008 WL 4056293, 2:06CV232KS-MTP, at * 2 (S.D. Miss. Aug. 25, 2008) (collecting district court cases from Fifth Circuit rejecting "imminent danger" exception to PLRA's exhaustion requirement). Regardless, the record contains no evidentiary support for the plaintiff's allegation that the defendants' alleged failure to

---

[5] The memo further apprised him that, due to the number of administrative remedies which White had pending, his most recent request would be set aside for handling in due course and that, if White desired for his most recent request to receive immediate attention, he could withdraw the other pending requests.

4

provide his medication has placed in imminent danger of physical harm.

Based on the foregoing, the undersigned recommends that defendants' motions for summary judgment be granted and that the complaint be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 13th day of September, 2010.

      /s/ F. Keith Ball
      UNITED STATES MAGISTRATE JUDGE